UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONLANSKI FAULKNER,

        Plaintiff,

v.                                           Case No. 18-cv-588-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND REQUIRING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

On April 13, 2018, the plaintiff—representing himself—filed a complaint seeking judicial review of a final administrative decision denying his claim for supplemental security income and disability insurance benefits under the Social Security Act. Dkt. No.1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No.2.

In order to allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff is single and unemployed with no source of income and no living expenses. He

1

indicates that he owns no property of value. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

On page 3 of 4 of the form complaint, under the "Statement of Claim" section, the plaintiff marked two boxes: "Supplemental Security Income (SSI)" and "Disability Insurance (SSDI or Widow/Widower)." Dkt. No. 1 at 2. That is the only information he provided in the complaint. He did not fill in any of the sections on page 4 of 4 of the form complaint, which asks the plaintiff to provide the date of the negative decision he received from the Administrative Law Judge, the date on which he received a copy of the Appeals Council's notice or determination, and the facts that explain why he believes he is entitled to relief. The court needs this information—the only authority a district court has in a Social Security appeal is the authority to review a negative decision from the administrative law judge that has been reviewed by the

Appeals Council. The court cannot allow the plaintiff to go forward with his appeal unless the plaintiff can show that he has received a final decision from the commissioner and can tell the court why he thinks the commissioner's final decision was wrong.

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2. The court **ORDERS** that by the end of the day on **July 6, 2018**, the plaintiff shall file an amended complaint, complete with all of the information requested on page 4 of 4. If the plaintiff does not file his amended complaint by the end of the day on July 6, 2018, the court will dismiss his appeal for lack of diligence. Civ. L.R. 41(c) (E.D. Wis.). The court further **ORDERS** that service shall not be effected until the amended complaint has been received and screened by the court.

Dated in Milwaukee, Wisconsin this 8th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**